IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   3:22-MJ-333 (ATB) |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **PHILIP KOESTER,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Philip Koester, by and through counsel, Gabrielle DiBella, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1)  The chronology of this case is as follows:

   a)  Date of complaint: July 1, 2022

   b)  Date of initial appearance: August 24, 2022

   c)  Defendant custody status: Pre-trial Release

   d)  There have been no earlier enlargements of time and exclusions under the Speedy Trial Act.

2)  The United States and the defendant request this exclusion based on the following facts and circumstances:

a) The defendant was arrested in the instant case in another district on August 4, 2022, was placed on pre-trial release after a detention hearing held on August 9, 2022, and currently remains in the other district while the case is pending. The government has recently produced discovery to the defendant's counsel in this district. That discovery relates to detailed and complex forensic analysis of certain electronic devices seized during the investigation although forensic analysis of other electronic devices is still pending. The additional time is necessary for the parties to review forensic analysis produced by the government and for the parties to receive any additional forensic analysis that may be completed prior to the return and filing of an indictment.

3) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the delay in the filing of an indictment was caused because the arrest occurred at a time such that it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence (see 18 U.S.C. § 3161(h)(7)(B)(iii)). Additionally, the facts upon which the grand jury must base a determination are unusual and/or complex, so that it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence (see 18 U.S.C. § 3161(h)(7)(B)(iii)).

4) The parties stipulate and agree that the time period from the date of this stipulation, to and including sixty (60) days from the date of the order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: August 26, 2022 CARLA B. FREEDMAN
United States Attorney

By: *Adrian S. LaRochelle* Digitally signed by ADRIAN LAROCHELLE
Date: 2022.08.26 17:25:54 -04'00'

Adrian S. LaRochelle
Assistant United States Attorney
Bar Roll No. 701266

*s/ Gabrielle DiBella, Esq.*

Gabrielle DiBella, Esq.
Attorney for Philip Koester
Bar Roll No. 700576

**ORDER**

A.     The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.     The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant(s) in a speedy indictment and trial because:

    1.     this delay is necessary in order to allow the United States reasonable time following the arrest of the defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence; and

    2.     the facts of the case are so unusual or complex that it is unreasonable to expect adequate preparation for the return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of August, 2022.

                                                Hon. Andrew T. Baxter
                                                U.S. Magistrate Judge